# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT C. KALBACH<br>843 Ann Street<br>Pottsville, PA 17901,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA<br>c/o Civil Process Clerk<br>United States Attorney's Office<br>Harrisburg Federal Building and Courthouse<br>228 Walnut Street, Suite 220<br>P.O. Box 11754<br>Harrisburg, PA 17108-1754<br><br>      Defendant. | CIVIL ACTION<br><br>NO.<br><br><br><br><br>**JURY TRIAL DEMANDED**<br><br><br>MEDICAL PROFESSIONAL<br>NEGLIGENCE ACTION |

## CIVIL ACTION COMPLAINT – MEDICAL MALPRACTICE

Plaintiff Robert C. Kalbach brings this medical malpractice action against the defendant United States of America. In support of his Complaint, plaintiff states as follows:

### JURISDICTION AND VENUE

1. This medical malpractice action involves a claim for personal injury against the United States of America under Section (b)(1) of the Federal Tort Claims Act, 42 U.S.C. § 1346.

2. Subject matter jurisdiction is based on 28 U.S.C. § 1331 and 42 U.S.C. § 1346.

3. Venue is proper because the acts and omissions that form the subject matter of this action occurred in this judicial district.

4. On February 2, 2018, Plaintiff presented this claim to the United States Department of Veterans Affairs, which has had more than six months to consider Plaintiff's claim and has not issued any ruling.

## THE PARTIES

5. Plaintiff Robert C. Kalbach is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 843 Ann Street, Pottsville, PA 17901.

6. Defendant United States of America (hereinafter "Defendant"), by and through the United States Department of Veterans Affairs, owned and operated the Lebanon VA Medical Center ("LVMAC"), which is located at 1700 South Lincoln Avenue, Lebanon, PA 17042.

7. LVMAC was, at all times material hereto, an institutional healthcare provider, healthcare facility, comprehensive provider of healthcare and healthcare services, including inpatient hospital facilities, duly licensed by, organized according to, and/or existing under the laws of the Commonwealth of Pennsylvania, and accredited and certified by the Joint Commission.

8. At all times material hereto, Defendant employed physicians and other health care providers who provided care and treatment to Robert C. Kalbach during an admission to the LVAMC from December 9, 2015 to December 18, 2015 and outpatient care thereafter, including without limitation Dana Powell, D.O., Daniel Benyo, M.D., James Kogut, D.O., and Charles Scogno, M.D. (A Certificate of Merit regarding the Defendant is attached hereto as Exhibit A.)

9. At all times material hereto, the physicians and other health care providers who provided care and treatment to Robert C. Kalbach during his admission to the LVAMC from December 9, 2015 to December 18, 2015 and outpatient care thereafter (including without limitation Dana Powell, D.O., Daniel Benyo, M.D., James Kogut, D.O., and Charles Scogno, M.D.) were under the oversight, direction, supervision, control, and/or right of control of

Defendant, and were acting within the scope of their agency, master-servant, and/or employment relationship with Defendant, while providing medical care and treatment to Robert C. Kalbach. Accordingly, Defendant is liable for the negligent acts and/or omissions of these physicians and other health care providers in their medical care and treatment of Robert C. Kalbach, under theories of *respondeat superior*, master-servant, agency, right-of-control, and/or negligent supervision

10. At all times relevant hereto, Defendant was acting individually and/or, by and through its duly authorized actual, apparent, and/or ostensible agents, servants, and/or employees, who provided care and treatment to Plaintiff on and after December 10, 2015 (including Dana Powell, D.O., Daniel Benyo, M.D., James Kogut, D.O., and Charles Scogno, M.D.), all of whom were acting within the course and scope of their employment, service, and/or agency, while rendering care to Robert C. Kalbach. Defendant is, therefore, liable to Plaintiff herein for the negligent acts and omissions of its actual, apparent, and/or ostensible agents, servants, and/or employees, including Dana Powell, D.O., Daniel Benyo, M.D., James Kogut, D.O., and Charles Scogno, M.D.

11. Defendant herein is vicariously liable to Plaintiff for injuries sustained as a result of the negligence of persons or entities whose conduct was under their control, or right to control, and which conduct directly and proximately caused Plaintiff's injuries.

12. At all relevant times hereto, Defendant and/or its agents were engaged in the practice of medicine, and were obligated to bring to bear in the practice of their professions the professional skill, knowledge, and care which they possessed, and to pursue their professions in accordance with reasonably safe and accepted standards of medicine in general, and in their specialties in particular.

13. At all relevant times, plaintiff was under the medical care, treatment, and attendance of Defendant directly and through its agents, servants, and/or employees, including ostensible agents, identified above by name or job description, and under its control or right to control.

14. The injuries to plaintiff were the direct result of the negligence and carelessness of Defendant, and/or its agents, servants and/or employees, and were due in no manner, whatsoever, to the failure to act on the part of Plaintiff, or any person other than Defendant and/or its agents, servants, and/or their employees.

## FACTUAL ALLEGATIONS

15. On 12/7/15, Mr. Kalbach presented to the LVMAC Emergency Department with complaints of shortness of breath.

16. A chest x-ray and CT scan of the abdomen and pelvis were performed, and he was discharged from the Emergency Department with a diagnosis of bronchitis.

17. On 12/9/15, Mr. Kalbach presented again to the LVMAC Emergency Department again complaining of shortness of breath and this time he was admitted to the hospital under the care of the hospitalist service. The attending physician was Dana Powell, D.O.

18. Another chest x-ray was performed on 12/9/15 along with a CT scan of the chest on 12/10/15. The CT scan was ordered by a resident physician, Daniel Benyo, M.D. (PGY2), under the supervision of Dr. Powell.

19. Radiologist Vu Q. Do, M.D. interpreted the 12/10/15 CT scan of the chest as showing a "7-8 mm nodule in right upper lobe on image #52 of Series 3" for which the radiologist recommended follow-up within 3 to 6 months to assess for stability.

20. The admitting History and Physical dated 12/11/15 – authored by Dr. Benyo and co-signed by Dr. Powell – does not mention the 12/10/15 CT scan of the chest. The only imaging

listed in the History and Physical is from the 12/7/15 ED visit.

21. Mr. Kalbach was discharged from the LVMAC on 12/18/15 without any further mention of the CT scan of the chest during the admission and was not instructed on discharge to follow-up regarding the lung nodule.

22. Resident physician James Kogut, D.O. (PGY-2) signed the Discharge Summary.

23. In Mr. Kalbach's outpatient primary care follow-up visit on 12/23/15, Charles Scogno, M.D. also did not note the abnormal PCP finding, notwithstanding the fact that his note states that he reviewed the hospital records.

24. Mr. Kalbach was seen as an outpatient at the LVAMC over the next 20 months and received no follow-up care for the right lung nodule identified on 12/10/15.

25. On 8/21/17, Mr. Kalbach presented to the LVMAC Emergency Department complaining of shortness of breath and other symptoms.

26. Mr. Kalbach was admitted to the hospital a CT scan of the chest performed on 8/22/17 showed a 5.6 x 4.7 cm mass in the posterior aspect of right upper lobe with a 1.5 cm nodule in left lower lobe which was thought to be either metastatic disease or another primary tumor.

27. On 8/29/17, a CT guided biopsy of the right lung mass was performed and the surgical pathology revealed squamous cell carcinoma, likely primary cancer.

28. CT brain and whole body PET-CT on 9/28/17 revealed increased uptake in the right hilum consistent with nodal metastases.

29. Final staging of Mr. Kalbach's cancer was T3N1M0, stage IIIa disease.

30. The 5.6 x 4.7 cm right lung mass identified on the 8/22/17 CT scan of the chest was a progression of the 7-8 mm nodule identified on the 12/10/15 CT scan.

31. Had Mr. Kalbach's physicians and other health care providers at the LVAMC timely diagnosed Mr. Kalbach's lung cancer, his chance for a cure and prognosis for survival would have been substantially better as compared with his chance for a cure and prognosis in August 2017. By failing to diagnose Mr. Kalbach's lung cancer for 20 months, Mr. Kalbach's physicians and other health care providers at the LVAMC, specifically including without limitation, Dana Powell, D.O., Daniel Benyo, M.D., James Kogut, D.O., and Charles Scogno, M.D., allowed the disease to progress untreated, thereby increasing the risk that it would metastasize and reducing Mr. Kalbach's chance of survival, quality of life and/or life expectancy.

32. The 20-month delay in diagnosis of small cell lung cancer deprived Mr. Kalbach of the opportunity to be treated and cured of his cancer and increased the risk of metastatic disease.

## COUNT I – NEGLIGENCE

### Plaintiff Robert C. Kalbach v. Defendant United States of America

33. The preceding paragraphs are incorporated by reference as though fully set forth herein.

34. Defendant United States of America, acting by and through its actual and/or ostensible agents (including without limitation Dana Powell, D.O., Daniel Benyo, M.D., James Kogut, D.O., and Charles Scogno, M.D.), was negligent in the medical care of plaintiff Robert C. Kalbach in one or more of the following ways:

    a. failing to inform Mr. Kalbach of the findings of the 12/10/15 CT scan of the chest;

    b. failing to review or note the findings of the 12/10/15 CT scan of the chest;

    c. failing to act appropriately on the findings of the 12/10/15 CT scan of the chest;

    d. failing to perform any workup of the findings of the 12/10/15 CT scan of the chest;

e. failing to follow the recommendations of radiologist who interpreted the 12/10/15 CT scan of the chest;

f. failing to perform any follow-up on the findings of the 12/10/15 CT scan of the chest;

g. failing to recommend any follow-up on the findings of the 12/10/15 CT scan of the chest;

h. failing to communicate with other health care providers regarding the findings of the 12/10/15 CT scan of the chest;

i. failing to inform Mr. Kalbach's primary care physician(s) of the findings of the 12/10/15 CT scan of the chest;

j. failure to provide appropriate discharge instructions to Mr. Kalbach on 12/18/15;

k. failing to timely diagnose lung cancer based on the 12/10/15 CT scan of the chest;

l. failing to timely diagnose lung cancer prior to August 2017;

m. failing to follow proper policies, procedures, protocols, and/or practice guidelines regarding the communication of critical imaging studies;

n. failing to appropriately supervise resident physicians including Daniel Benyo, M.D. and James Kogut, D.O. in their care of Mr. Kalbach;

o. failure to ensure that Daniel Benyo, M.D. provided appropriate care to Mr. Kalbach;

p. failure to ensure that James Kogut, D.O. provided appropriate care to Mr. Kalbach;

q. failure to independently review critical imaging study results ordered by a resident physician;

r. negligently increasing the risk that Mr. Kalbach's lung cancer would metastasize;

s. negligently causing a delay in diagnosis of Mr. Kalbach's lung cancer;

t. negligently depriving Mr. Kalbach a chance of cure for his lung cancer; and

u. negligently allowing Mr. Kalbach's lung cancer to grow untreated and become metastatic.

35. Dr. Powell is vicariously liable for the negligence of the resident physician, Dr. Benyo.

36. Defendant undertook and/or assumed a duty to render reasonable, proper, adequate, and appropriate medical care to Robert Kalbach and to avoid harm to him, which duty they breached.

37. Plaintiff relied on the knowledge, treatment, and skill of Defendant and its agents.

38. Defendant's carelessness and negligence increased the risk of harm and was a substantial factor in causing the injuries and damages to Plaintiff as set forth more fully herein.

**WHEREFORE,** Plaintiff Robert C. Kalbach demands damages against Defendant United States of America in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post judgment interest, and costs.

**YOUMAN & CAPUTO, LLC**

Date: September 7, 2018    By: _____
DAVID J. CAPUTO, ESQUIRE*
DAVID M. SCHWADRON, ESQUIRE
Attorneys for Plaintiff
*Pending admission *pro hac vice*